**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4076**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT ALLEN MILLER,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:14-cr-00305-WO-1)

———————————

Submitted: October 29, 2015      Decided: January 7, 2016

———————————

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Allen Miller pled guilty to carrying and using, by brandishing, a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012), and was sentenced to the statutory mandatory minimum sentence of seven years' imprisonment. On appeal, Miller asserts that the district court erred when it failed to authorize the withdrawal of his guilty plea under Fed. R. Crim. P. 11(d)(2)(B).[*] We affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). However, in the instant case, Miller never moved to withdraw his guilty plea and never challenged the district court's interpretation of his statements at the sentencing hearing as a motion to substitute counsel. Accordingly, we review the issue for plain error only. See United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015). To satisfy plain error review, the defendant must

---

[*] To the extent that Miller also seeks to challenge the district court's denial of his motion to substitute counsel, we find that he failed to adequately raise the issue for appellate review. See Fed. R. App. P. 28(a)(8)(A) (requiring argument section of brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). See also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (finding single, conclusory sentence in brief "insufficient to raise on appeal any merits-based challenge to the district court's ruling").

establish that: (1) there is an error; (2) the error is plain; and (3) the error affects his substantial rights. Id. Moreover, even if all three of these elements are satisfied, we will not act to cure the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

A defendant does not have an absolute right to withdraw a guilty plea. United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). After the court accepts a guilty plea, but before sentencing, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). The burden of "showing a fair and just reason" for withdrawal of the plea rests with the defendant. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). We have developed a nonexclusive list of issues to consider in determining whether a defendant has met his burden, Moore, 931 F.2d at 248, the most important of which is "an evaluation of the Rule 11 colloquy," Bowman, 348 F.3d at 414. We closely scrutinize the Rule 11 colloquy and, if the Rule 11 proceeding was properly conducted, "a strong presumption that the plea is final and binding" attaches. Nicholson, 676 F.3d at 384 (internal quotation marks omitted). "[A] properly conducted Rule 11 . . . colloquy leaves a defendant with a very limited

3

basis upon which to have his plea withdrawn." <u>Bowman</u>, 348 F.3d at 414.

With these standards in mind, and having reviewed the transcript of the properly conducted Rule 11 hearing, we conclude that Miller has failed to establish plain error. We accordingly affirm. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>